On petitioner for review Perkins' petition for reconsideration filed March 20, considered and under advisement May 21,* petition for reconsideration allowed; former opinion modified and adhered to as modified October 16, 2008

MID-CENTURY INSURANCE COMPANY,
*Respondent on Review,*

*v.*

Elijah PERKINS,
*Petitioner on Review.*

(CC 04-1834-E7; CA A127522; SC S054652)

Dennis W. PHILLIPS,
*Petitioner on Review,*

*v.*

SAFECO INSURANCE COMPANY
OF OREGON,
*Respondent on Review.*

(CC 0504-03584; CA A130265; SC S054660)
(Consolidated for Opinion)

195 P3d 59

Meagan A. Flynn, Preston Bunnell & Flynn, LLP, Portland, filed the petition for petitioner on review Perkins.

Thomas M. Christ, of Cosgrave Vergeer Kester LLP, Portland, filed the brief for respondent on review Mid-Century Insurance Company.

No appearance on behalf of petitioner on review Phillips or respondent on review Safeco Insurance Company of Oregon.

Kathryn H. Clarke, Portland, filed the brief for *amicus curiae* Oregon Trial Lawyers Association.

No appearance on behalf of *amicus curiae* Allstate Ins. Co., State Farm Mutual Auto Ins. Co., Country Mutual Ins. Co., American Family Ins. Co., and The Property Casualty Insurers Association of America.

---

* 344 Or 196, 179 P3d 633 (2008).

DURHAM, J.

## DURHAM, J.

Petitioner on review Perkins in this underinsured motorist insurance case seeks reconsideration of this court's decision.[1] *Mid-Century Ins. Co. v. Perkins*, 344 Or 196, 179 P3d 633 (2008). Petitioner, however, does not challenge the court's ultimate conclusion or resolution of the issue presented by this case. Instead, petitioner requests only that this court remove two sentences from the penultimate paragraph of its opinion. For the reasons that follow, we agree with petitioner and modify our original opinion by removing those two sentences from the opinion of the court.

Petitioner—the insured in the dispute that gave rise to one of the underlying proceedings—and *amicus curiae* Oregon Trial Lawyers Association (OTLA) take issue with the following paragraph from this court's opinion:

> "[In *Bergmann v. Hutton*, 337 Or 596, 608, 101 P3d 353 (2004),] [w]e noted that ORS 742.502(2)(a) 'essentially defines the limit of the insurer's liability in the UIM context' by providing 'that UIM benefits are "equal to uninsured motorist coverage benefits less the amount recovered from other automobile liability insurance policies." ' * * * *ORS 742.502(2)(a) establishes that, regardless of an insured's actual damages, the insurer's liability will never exceed an amount totaling the benefits available under uninsured motorist coverage, i.e., the policy limit, minus the amount that the insured recovers from other policies. In other words, UIM benefits are intended to fill the gap between the limit of an insured's UM coverage and the amount that he or she actually receives from another motorist.*"

*Id.* at 217 (emphasis added). Petitioner and OTLA focus on the two highlighted sentences because, they contend, in those two sentences, the court purported to interpret the concluding sentence of ORS 742.502(2)(a), although that part of ORS 742.502(2)(a) was not at issue in this case. The last sentence

---

[1] In its opinion, the court consolidated its review of two actions: *Mid-Century Ins. Co. v. Perkins*, 209 Or App 613, 149 P3d 165 (2006), and *Phillips v. Safeco Ins. Co.*, 209 Or App 815, 149 P3d 316 (2006). The petitioner on review in *Mid-Century* is the party seeking reconsideration. For the sake of simplicity, we refer in this opinion to petitioner on reconsideration Perkins as "petitioner."

of ORS 742.502(2)(a) focuses on how to determine the amount of underinsurance benefits: "Underinsurance benefits shall be equal to uninsured motorist coverage benefits less the amount recovered from other automobile liability insurance policies."

As petitioner and OTLA note, however, this case "deal[t] with the threshold question of whether a motorist is underinsured at all." *Mid-Century*, 344 Or at 217. Therefore, we needed to interpret only the sentence in ORS 742.502(2)(a) that governed that "threshold question":

> "Uninsured motorist coverage larger than the amounts required by ORS 806.070 shall include underinsurance coverage for damages or death caused by accident and arising out of the ownership, maintenance or use of a motor vehicle that is insured for an amount that is less than *the insured's uninsured motorist coverage*."

(Emphasis added.) Specifically, this case required us to determine the meaning of the phrase "the insured's uninsured motorist coverage," highlighted above. If that phrase referred "to the *damages* that the insured is legally entitled to recover from a motorist, then a motorist is underinsured when those damages exceed the limits of his liability policy, as [petitioner] claim[s]." *Mid-Century*, 344 Or at 207-08 (emphasis in original). On the other hand, if that phrase referred to "the *policy limits* on the insured's [uninsured motorist] coverage, then a motorist is underinsured when those policy limits exceed the limits of his own liability policy, as [the insurer] claim[s]." *Id.* at 208 (emphasis in original). After reviewing the statutory text and context, we ultimately agreed with the insurer that "the insured's uninsured motorist coverage" referred to the policy limits of that coverage and held that whether a motorist is underinsured under ORS 742.502(2)(a) is determined by comparing the motorist's liability limits with the limits on the insured's uninsured motorist coverage. *Id.* at 216. In this case, petitioner's liability limits were equal to the liability limits of the motorists who injured each plaintiff in the underlying proceedings; therefore, petitioner was not injured by an underinsured motorist and was not entitled to underinsured motorist benefits under ORS 742.502(2)(a). *Id.* at 218.

In reaching our conclusion, we addressed petitioner's argument that this court's decision in *Bergmann v. Hutton*, 337 Or 596, 101 P3d 353 (2004), mandated his proffered interpretation of ORS 742.502(2)(a). *Bergmann* involved the interpretation of the phrase "[a]ny amount payable under the terms of this coverage" in ORS 742.504(7)(c), which governs the reduction of any amounts payable under uninsured motorist coverage under certain circumstances.[2] *Id.* at 603. Specifically, in *Bergmann*, the court concluded that the phrase "amount payable under the terms of this coverage" in ORS 742.504(7)(c) referred to an insured's total damages, not to the policy's liability limit. *Id.*

Based on that conclusion in *Bergmann*, petitioner contended in this case that "coverage," as used in ORS 742.502(2)(a), must refer to an insured's damages and, therefore, required a comparison of an insured's damages to the policy limits of the other motorist to determine whether the motorist is underinsured. According to petitioner, if we failed to construe "coverage" in ORS 742.502(2)(a) to have the same meaning as "coverage" in ORS 742.504(7)(c), we would have created an untenable inconsistency among the statutes governing underinsured motorist insurance. We rejected petitioner's argument based on *Bergmann* for two reasons. First, we emphasized that *Bergmann* did not address the threshold question whether a motorist is underinsured under ORS 742.502(2)(a). *Mid-Century*, 344 Or at 217. Instead, *Bergmann* interpreted a different section of the uninsured motorist statute, one not at issue in this case.

---

[2] At the time we decided *Bergmann*, ORS 742.504(7)(c) (2003) provided:

"Any amount payable under the terms of this coverage because of bodily injury sustained in an accident by a person who is an insured under this coverage shall be reduced by:

"(A) All sums paid on account of such bodily injury by or on behalf of the owner or operator of the uninsured vehicle and by or on behalf of any other person or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under the bodily injury liability coverage of the policy; and

"(B) The amount paid and the present value of all amounts payable on account of such bodily injury under any workers' compensation law, disability benefits law or any similar law."

The second reason that we offered for rejecting petitioner's *Bergmann* argument is the subject of this petition for reconsideration.[3] We first stated that this court "already considered this supposed problem in *Bergman*" and quoted *Bergmann*'s statement that ORS 742.502(2)(a) provides that "[underinsured motorist] benefits are 'equal to uninsured motorist coverage benefits less the amount recovered from other automobile liability insurance policies.' " *Id.* (quoting *Bergmann*, 337 Or at 608). Our opinion went on to include the two sentences, highlighted above, that petitioner and OTLA would like to have excised. Those sentences provided additional interpretation, beyond that in *Bergmann*, of the concluding sentence of ORS 742.502(2)(a). That interpretation appears to establish the limits of the amount of an insurer's liability for underinsured motorist benefits.

In this case, however, we had no need to address or even discuss the limit of an insurer's liability for underinsured motorist benefits. Petitioner was not entitled to *any* underinsurance benefits, because his policy limits were equal to those of the other motorist. Therefore, this case presented no reason to interpret the sentence of ORS 742.502(2)(a) that governs how to determine the amount of underinsurance benefits. We agree with petitioner and OTLA that the interpretation of the concluding sentence in ORS 742.502(2)(a) is best left to a case where the issue is presented and has been fully briefed and argued.[4]

We therefore allow petitioner's petition for reconsideration and modify the opinion of the court in the following two ways: (1) by changing the sentence, *"Bergmann* dealt

---

[3] OTLA also asks this court to correct an asserted minor misstatement in our earlier discussion of *Bergmann*. Our opinion stated that *"Bergmann* dealt with the question of how much an insured may recover *from an uninsured motorist* in light of benefits that the insured received from other sources." *Mid-Century*, 344 Or at 217 (emphasis added). OTLA asserts that the sentence instead should read: *"Bergmann* dealt with the question of how much an insured may recover *from the underinsured motorist insurer* [that is, petitioner's insurer] in light of benefits that the insured receives from other sources." We agree with OTLA and make that modification to our opinion.

[4] The Court of Appeals has addressed the meaning of the last sentence in ORS 742.502(2)(a) in two recent decisions: *Vogelin v. American Family Mutual Ins. Co.*, 221 Or App 558, 191 P3d 687 (2008), and *Albarran v. Allstate Ins. Co.*, 221 Or App 701, 191 P3d 735 (2008).

with the question of how much an insured may recover from an underinsured motorist in light of benefits that the insured receives from other sources," *Mid-Century*, 344 Or at 217, to read: *"Bergmann* dealt with the question of how much an insured may recover from an underinsured motorist insurer in light of benefits received from other sources," *see* 345 Or at 379 n 3; and (2) by removing the following two sentences:

"ORS 742.502(2)(a) establishes that, regardless of an insured's actual damages, the insurer's liability will never exceed an amount totaling the benefits available under uninsured motorist coverage, *i.e.*, the policy limit, minus the amount that the insured recovers from other policies. In other words, UIM benefits are intended to fill the gap between the limit of an insured's UM coverage and the amount that he or she actually receives from another motorist."

*Mid-Century*, 344 Or at 217.

The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.